UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:15-CR-038-O |
| | § | |
| DANTANA TANKSLEY (01) | § | |

## MOTION TO SUPPRESS EVIDENCE AND MEMORANDUM

Now comes Defendant DANTANA TANKSLEY, through undersigned counsel, and moves this Court to suppress all evidence including the alleged firearm, any statements attributed to the defendant Tanksley, and any other evidence that is the "fruit" of the detention of Tanksley and the search and seizure of the vehicle he was driving on August 24, 2015.. Tanksley is complaining about evidence obtained on or about August 24, 2014, when Fort Worth Police Officers ordered Tanksley from a vehicle and took Tanksley into custody without probable cause or reasonable suspicion. Tanksley is objecting to: 1) the detention of Tanskey by the police officer after the officer approached the vehicle in which Tanskey was sitting and ordered Tanksley out of his vehicle; 2) any interrogation of Tanksley during or resulting from his detention; 3) to the admissibility of all evidence thereby obtained, including but not limited to, the firearm and shell casing and any other items found in the vehicle; 4) and the defendant's statements, as obtained in violation of his right to be free from unlawful searches and seizures, to due process of law, and to the effective assistance of counsel as guaranteed by the Fourth, Fifth, and Sixth Amendments to the United States Constitution, and to his right not to be compelled to be a witness against himself as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

### FACTUAL BACKGROUND

There was no warrant in this case, thus the burden of establishing facts that authorize the stop, detention, search, seizure and interrogation fall upon the government.

### The "traffic stop."

According to discovery provided by the government, the Fort Worth Police Department (FWPD) report filed by FWPD Officer C. Snodderly states, in part, the following:

> On 08-24-2014 at approximately 0348 hours, while on routine patrol at 5100 South Fwy Sr Sb at 800 Southway Cir, I officer C. Snodderly 4110 and Officer C. Vistine, working S376, heard several gun shots fired from the East side of Southway Cir. The (s)hots were coming from the direction of the cul-de-sac where the road dead ends.
>
> Sgt Lusty 2043, who was working a nearby accident on the Freeway, heard the gun shots and notified dispatch.
>
> Multiple officers assisted on the call.
>
> Officers immediately started on foot towards the general direction of where the shots were heard near the east end of the street. Officers observed several people running west bound away from the area. As we made our way east down the street on foot, we began to stop cars that were attempting to leave the area to prevent suspects or evidence from leaving the scene. As we continued to make our way east on Southway Cir., I officer Snodderly observed a silver two door convertible coupe with the top down (IMP) in the line of cars attempting to leave. The IMP vehicle was occupied one time by a B/M later identified as ARR Tanksley, Dantana (B/M DOB 05-06-79) . The ARR was at approximately 833 Southway Cir going west bound. The ARR made eye contact with me and immediately turned off the road into the parking lot at 833 Southway Cir at a high rate of speed. I Officer C Snodderly, while wearing full city of Fort Worth police uniform to include badge and patches, gave loud verbal commands and ordered the ARR to stop his vehicle. The ARR looked at me as if he heard my orders and disregarded my commands. He then continued driving north in the parking lot approximately 200ft into a dead end. Officer Z. Lott 4065 and I pursued the ARR on foot to the location the IMP came to rest. The ARR was ordered at gun point while giving loud verbal commands to show his hands. Officers felt that due to his erratic behavior he was possibly a suspect in the shots fired and was attempting to flee the scene. After several orders

the ARR flung the car door open and again refused to show his hands or get out of the IMP. As officers approached the IMP the ARR exited the driver's side of the vehicle and began walking towards the front of the car disregarding officer's commands. The ARR was immediately placed in handcuffs for our safety while the investigation continued.

Officer Lott walked around to the passenger side of the IMP and in plain view; he saw a discharged casing in the passenger side front seat. The ARR was asked if there was any weapon in the car and he said no. Seeing the shell casing in the (v)ehicle Officers had probable cause to search the IMP for evidence of the offense . Officer's (sic), located an AK4 7 in the trunk of the IMP . The ARR was immediately detained and placed in the back of a patrol car.

## LAW AND ARGUMENT

The burden of proof is on the government to show that a warrantless search or seizure was constitutional under the Fourth Amendment. *See  United States v. Berick*, 710 F.2d 1035, 1037 (5th Cir. 1983), citing *Vale v. Louisiana*, 399 U.S. 30 (1969); *see also*, 4 LaFave, *Search and Seizure*, sec. 11.2(b) (p.218) (1987).  The government must prove the constitutionality of the search or seizure by a preponderance of the evidence. *United States v. Matlock*, 415 U.S. 164 (1974); *see also, LaFave, supra*, at sec. 11.2(c) (p. 234).

Where a Fourth Amendment violation has occurred, the exclusionary rule mandates the suppression of not only all evidence obtained in the illegal search or seizure itself; it also requires the suppression of all evidence obtained as a result of, or derivatively from, the illegally seized evidence, as such derivative evidence is the "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471 (1963).

There is no question that an officer may not arrest a person without probable cause that a person committed an offense or without prior authorization by a judicial officer. *See Haynes v. Florida*, 470 U.S. 811, 813-14 (1985).  Also, an officer may not temporarily detain a person for

investigative reasons without reasonable facts justifying such detention. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968).

"The stop of a vehicle and detention of its occupants constitutes a "seizure" under the Fourth Amendment. *United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011). Obviously, Tanksley has standing to challenge the seizure of his person. Pursuant to the facts disclosed by the government – that is, that Tanksley was the driver and sole occupant of the vehicle – Tanksley also has standing to contest the search of the vehicle. *See United States v. Mendoza-Burcigia*, 981 F.2d 192, 196 (1992).

In the present case, the officers had no basis to order Tanksley to stop his vehicle when he turned into the parking lot rather than sit in the line of cars that were stopped by the officers. *See United States v. Raney*, 633 F.3d at 389. Morever, when Tanksley pulled his car into the parking lot and stopped his vehicle, the officers had no basis – either articuable facts or reasonable suspicion – to warrant pulling their guns on Tanksley and ultimately placing him in handcuffs. The officers had no probable cause nor other legal exception that would allow a warrantless search and seizure of the vehicle in question.

Taking the government's version of the facts: 1) there was no lawful basis for the officers to order Tanksley to stop his vehicle; 2) there was not a sufficient basis for the officer to conclude that Tanksley even heard the officer's demand for him to stop; 3) there was not a sufficient basis for the officer to conclude that Tanksley was trying to flee when he pulled into the parking lot and parked his car (in fact, the opposite would seem like the more objectively reasonable conclusion); 4) there was not a sufficient factual basis for the officers to take Tanksley into custody at gunpoint; 5) there was no legal justification for the officers to conduct a full and warrantless search and seizure

of the vehicle in question. Moreover, the search and seizure of the vehicle was the direct result of the illegal arrest of Tanksley.

Accordingly, the detention of Tanksley violated his Fourth Amendment rights, and the evidence obtained from the search of the vehicle that was conducted as a result of the unlawful detention was likewise obtained in violation of the defendant's Fourth Amendment right to be free from unreasonable searches and seizures and should be suppressed. The defendant requests an evidentiary hearing on this motion.

                                                Respectfully submitted,

                                                JASON HAWKINS
                                                Federal Public Defender
                                                Northern District of Texas

                                                By  /s/ Christopher A. Curtis

                                                  CHRISTOPHER A. CURTIS
                                                Assistant Federal Public Defender
                                                819 Taylor Street Room 9A10
                                                Fort Worth, Texas  76102
                                                (817) 978-2753
                                                State Bar No. 05270900

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Christopher A. Curtis, attorney for defendant, did confer with Frank Gatto, the Assistant United States Attorney assigned to this matter, and he opposes this motion.

/s/ Christopher A. Curtis
Christopher A. Curtis

## CERTIFICATE OF SERVICE

I, Christopher A. Curtis, hereby certify that on May 20, 2015, I electronically filed the above motion to suppress with the clerk for the U.S. District Court, Northern District of Texas, using the electronic filing system for the court. The electronic case filing system sent a "Notice of Electronic Filing to AUSA Frank Gatto. I also delivered a copy of the motion to the U.S. Attorney's Office at 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102..

/s/ Christopher A. Curtis
Christopher A. Curtis