IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
_____

UNITED STATES OF AMERICA

v.                                                  Criminal Action No. 4:15-CR-00038-O

DANTANA TANKSLEY (01)

## AGREED CHARGE

Per the Court's scheduling order, the government files this proposed jury

instructions.   The parties may seek to supplement or revise in light of the evidence

actually presented at trial.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

s/*Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
State Bar No. 24062396
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.252.5455
Email: frank.gatto@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 1, 2015, I electronically filed this pleading with the clerk of court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system.   The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who, presumably, has consented in writing to accepting notice of service by electronic means: Christopher Curtis.

_/s/ Frank L. Gatto_____
FRANK L. GATTO
Assistant United States Attorney

**Agreed Charge - Page 2**

TABLE OF CONTENTS

| | | |
|---|---|---|
| Government's Proposed Instruction No. 1 | 1.01: | Preliminary Instructions |
| Government's Proposed Instruction No. 2 | 1.02: | Note-Taking by Jurors (Alt B) |
| Government's Proposed Instruction No. 3 | 1.03: | Introduction to Final Instructions |
| Government's Proposed Instruction No. 4 | 1.04: | Duty to Follow Instructions |
| Government's Proposed Instruction No. 5 | 1.05: | Presumption of Innocence, Burden of Proof, Reasonable Doubt |
| Government's Proposed Instruction No. 6 | 1.06: | Evidence—Excluding What Is Not Evidence |
| Government's Proposed Instruction No. 7 | 2.3: | (Civil) Stipulation of Fact |
| Government's Proposed Instruction No. 8 | 1.07: | Evidence—Inferences—Direct and Circumstantial (Alt B) |
| Government's Proposed Instruction No. 9 | 1.08: | Credibility of Witnesses |
| Government's Proposed Instruction No. 10 | 1.12: | Impeachment by Prior Conviction (Witness Other Than Defendant) |
| Government's Proposed Instruction No. 11 | 1.17: | Expert Witness |
| Government's Proposed Instruction No. 12 | 1.29: | Identification Testimony |
| Government's Proposed Instruction No. 13 | 1.19: | Caution-Consider Only Crime Charged |
| Government's Proposed Instruction No. 14 | 1.20: | Punishment |
| Government's Proposed Instruction No. 15 | 2.47: | Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)) |
| Government's Proposed Instruction No. 16 | 1.18: | On or About |
| Government's Proposed Instruction No. 17 | 1.31: | Possession |
| Government's Proposed Instruction No. 18 | 1.37: | "Knowingly" - to Act |
| Government's Proposed Instruction No. 19 | 1.41: | Commerce—Defined |
| Government's Proposed Instruction No. 20 | 1.39: | Interstate Commerce—Defined |
| Government's Proposed Instruction No. 21 | 1.40: | Foreign Commerce—Defined |
| Government's Proposed Instruction No. 22 | 1.24: | Duty to Deliberate |
| Verdict Form | | |

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

## 1.01 PRELIMINARY INSTRUCTION

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

Duty of the jury:

It will be your duty to find from the evidence what the facts are.   You and you alone will be the judges of the facts.   You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not. Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Evidence:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.   Certain things are not evidence and must not be considered by you.     I will list them for you now.

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence.   Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.   If the objection is sustained, ignore the question.   If it is

overruled, treat the answer like any other.   If you are instructed that some item of

evidence is received for a limited purpose only, you must follow that instruction.

3.   Testimony that the court has excluded or told you to disregard is not evidence

and must not be considered.

4.   Anything you may have seen, heard, or read outside the courtroom is not

evidence and must be disregarded.   You are to decide the case solely on the

evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is

direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is

proof of facts from which you may infer or conclude that other facts exist.   I will give you

further instructions on these as well as other matters at the end of the case, but keep in mind

that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to

believe, and how much of any witness's testimony to accept or reject.   I will give you

some guidelines for determining the credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case.   There are three basic rules about a criminal

case that you must keep in mind.

*First:*   the defendant is presumed innocent until proven guilty.   The indictment brought

by the government against the defendant is only an accusation, nothing more.   It is not

proof of guilt or anything else.   The defendant therefore starts out with a clean slate.

**Agreed Charge - Page 5**

*Second:*  the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third:*  the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Summary of applicable law:

In this case the defendant is charged with being a felon in possession of a firearm.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.  The government must prove: (1) the defendant knowingly possessed a firearm as charged; [Government Requested] **(2) before the defendant possessed the charged firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (3) the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the charged firearm, it had traveled at some time from one state to another.**

[Defense Requested] **(2) before the defendant possessed the firearm as charged, the defendant had been convicted in a court of a crime punishable by imprisonment for a**

Agreed Charge - Page 6

**term in excess of one year, and the defendant knew of that fact; and (3) the defendant knowingly and substantially affected interstate commerce by his possession of the firearm.**

Defendant's Objections, Argument, and Authorities:

Defendant objects to the "Summary of applicable law" in that such instruction only requires the defendant have knowledge of his possession of the firearm.    The instruction does not require knowledge of the second and third elements.    The defendant requests an instruction that adds the words "knowingly" to the second and third elements.

The Supreme Court has held that the knowing violation requirement in 18 U.S.C. § 924 requires the government to prove that the defendant did have "knowledge of the facts that constitute the offense." *Bryan v. United States,* 524 U.S. 184, 193 (1998) Yet again, in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), following a line of cases, the Court held that when a statute requires the government to prove the defendant acted knowingly, it must proof he knew the facts that made his conduct a federal offense. *Id.* at 650-57 1891. In *Staples v. United States*, 511 U.S. 600, 618-19 (1994), the Court held that, even when a statute has no explicit "knowing" element, the government must prove that a defendant had knowledge of "the facts that make his conduct illegal."

In *Staples*, the Supreme Court noted that there is a "presumption that a defendant must know the facts that make his conduct illegal" which "should apply" especially where the alternative is that the statute "would require the defendant to have knowledge only of traditionally lawful conduct. . . ."   *Id.* Here, the knowing possession of a firearm is not

Agreed Charge - Page 7

only traditionally lawful conduct, it is a fundamental right. *See District of Columbia v. Heller*, 540 U.S. 570, 602 (2008). Also, the Supreme Court noted that the "severe penalty" of a potential 10-year sentence suggested that Congress did not intend to jettison the usual requirement that the defendant know the facts that make his conduct illegal. *See Staples,* 511 U.S. at 618. Here, the maximum penalty for a § 922(g) case can be life, if enhancements apply. See 18 U.S.C. § 924(e).

The defendant contends that a panel of this Court wrongly decided this issue in *United States v. Dancy*, 861 F.2d 77 (5th Cir. 1988), but in light of *Bryan*, *Staples*, and *Flores-Figueroa*, and other Supreme Court cases, that decision is not valid.

The defendant also objects to the "Summary of applicable law" where the language "the firearm possessed traveled in interstate commerce or foreign commerce; that is before the defendant possessed the charged firearm, it had traveled at some time from one state to another."   As the defendant has argued in his motion to dismiss, the mere fact that a firearm has traveled in interstate commerce is constitutionally and factually insufficient to support a federal prosecution of felon in possession of a firearm.   The defendant requests an instruction that correctly sets forth the element that the defendant's possession of the firearm must substantially affect interstate or foreign commerce.   The instruction as requested by the government violates the Commerce Clause and removes this element from the jury's consideration in violation of the Fifth and Sixth Amendments to the United States Constitution.   This argument has been rejected by the Fifth Circuit, and the defendant is making this objection to preserve the issue for further review.   *See United*

*States v. Alcantar*, 733 F.3d 143 (5th  Cir. 2013).

<u>Government's Argument and Authorities:</u>

      The government opposes Tanksley's requests to require knowledge for the second and third elements to the charge of felon in unlawful firearm possession, in violation of 18 U.S.C. § 922(g)(1).   Fifth Circuit case law is clear, section 922(g)(1) "requires proof that the defendant knew that he had received (or possessed or transported) a firearm"; it does not require proof that he knew that the firearm had an interstate nexus or that he knew of his prohibited status.   *United States v. Schmidt*, 487 F.3d 253, 252 (5th Cir. 2007); *United States v. Dancy*, 861 F.2d 77 (5th Cir. 1988).   Indeed, Tanksley fails to cite to any court post 1986 that held a defendant must know of his prohibited status and know the possession affected interstate commerce.   *United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (recounting no court post 1986 "has held a defendant must know of his prohibited status").

      The government also opposes Tanksley's request that the jury charge instruct that his firearm possession "must substantially affect interstate or foreign commerce."   As Tanksley concedes, *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013), forecloses his argument.   Thus, "to apply the law constitutionally" to Tanksley, the government is not required to "prove some economic activity beyond the interstate movement of the weapon."   *United States v. Collins*, 573 Fed. Appx. 374, 375 (5th Cir. 2014); *see also United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (rejecting argument that when Rawls was arrested for firearm possession, "no interstate activity was occurring" and

holding the "'in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon **had previously traveled in interstate commerce**.") (emphasis added).

Conduct of the jury:

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.   Please do not talk with them about any subject at all.   You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.   It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.   In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.   Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.   Otherwise, without realizing it, you may start forming opinions before the trial is over.   It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case.   Please do not try to find out information from any source outside the confines of this courtroom.   Do not seek or receive any outside information on your own which you think might be helpful.   Do not engage in any outside reading about this case or the law involved.   Do not attempt to visit any places mentioned in the case, whether in person or via maps or online resources such as Google Earth.   You must not read about it in any publications or watch or listen to television or radio reports of

what is happening here.   Do not use the Internet or any other form of electronic

communication to obtain or provide information to another, whether on a phone, computer,

or other device.   This includes, but is not limited to, the use of websites and search

engines, such as Google or Yahoo, or other online resource or publication for the use of

sending or receiving information on the case.   Do not attempt to learn about the parties,

the witnesses, the lawyers, or the judge.   Do not send or receive emails or text messages

relating to the case or your involvement.   Do not read or post information on Facebook, or

any other blog or social networking site, such as Twitter or MySpace.   The reason for

these rules, as I am certain you will understand, is that your decision in this case must be

made solely on the evidence presented at the trial.

[Optional: Insert Instruction No. 1.02, Note-Taking By Jurors, here.]

Course of the trial:

The trial will now begin.   First, the government will make an opening statement,

which is simply an outline to help you understand the evidence as it is admitted.   Next, the

defendant's attorney may, but does not have to, make an opening statement.   Opening

statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may

cross-examine them.   Following the government's case, the defendant may, if he wishes,

present witnesses whom the government may cross-examine.   If the defendant decides to

present evidence, the government may introduce rebuttal evidence.

**Agreed Charge - Page 12**

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

1.02 NOTE-TAKING BY JURORS

ALTERNATIVE B

If you would like to take notes during the trial, you may do so.   On the other hand, you are not required to take notes if you prefer not to do so.   Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.   Your notes should be used only as memory aids.   You should not give your notes precedence over your independent recollection of the evidence.   If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.   Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.   You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

## 1.03 INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges; the other is the jury.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

## 1.04 DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.   But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### 1.05 PRESUMPTION OF INNOCENCE,
### BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.   The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.   The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

## 1.06 EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.   In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.   Remember that any statements, objections, or arguments made by the lawyers are not evidence.   The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been stricken in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

2.3 [Civil]     STIPULATIONS OF FACT[1]

You have heard that the parties in this case have entered into a stipulation of fact

concerning the defendant's prior felony conviction.   A "stipulation" is an agreement.

When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those

facts.   You must accept a stipulated fact as evidence and treat that fact as having been

proven here in court.

---

[1] The following instruction is adapted the Fifth Circuit pattern jury instructions for civil cases.

**Agreed Charge - Page 20**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

1.07 EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

ALTERNATIVE B

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

1.08 CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions:   Did the person impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses

on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.   [You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.]

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### 1.12 IMPEACHMENT BY PRIOR CONVICTION
### (WITNESS OTHER THAN DEFENDANT)

You have been told that the witness, Derrick Fannin, was convicted in Dallas County, Texas, in August 2004 of Aggravated Robbery.   A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.   It is not evidence of anything else.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

1.17 EXPERT WITNESS

During the trial you heard the testimony of several expert witnesses:

a.   Senior Trace Analyst Anne M. Koettel, who expressed opinions concerning gunshot residue found on the defendant's hands;

b.   Senior Forensic Scientist Michael S. Ward, who expressed opinions concerning fired shell casings being fired from the firearm charged in the indictment;

c.   Special Agent Daniel B. Kaase, who expressed opinions concerning the correct functioning of the charged firearm and its travel in interstate or foreign commerce;

d.   Identification Technician Jose C. Cazares, who expressed opinions concerning fingerprint comparisons of the defendant and his prior convictions; and

e.   Carl Leisinger III, who is an expert in the area of gunshot residue and ballistics.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.   You should judge such testimony like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

## 1.29 IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness you should consider all of the relevant factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.   You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

## 1.19 CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.   Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

## 1.20 PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

### 2.47   POSSESSION OF A FIREARM BY A CONVICTED FELON
(18 U.S.C. § 922(g)(1))

Title 18, United States Code, Section 922(g)(1), makes it a crime for a convicted felon to knowingly possess a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly possessed a firearm as charged;

[Government Requested] **Second: That before the defendant possessed the charged firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and**

[Government Requested] **Third: That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the charged firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.**

[Defense Requested] **Second: That before the defendant possessed the firearm as charged, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, and the defendant knew of that fact; and**

[Defense Requested] **Third: the defendant knowingly and substantially affected interstate commerce by his possession of the firearm.**

**Agreed Charge - Page 29**

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

<u>Defendant's Objection, Argument, and Authorities:</u>

Regarding instruction 2.47, the defendant has the same objections to elements two and three lacking the "knowing" requirement based on the same argument set forth above. Again under *Staples*, the defendant is requesting that the word "knowingly" be incorporated into the second and third elements.

Regarding instruction 2.47, the defendant has the same objections to element three regarding the interstate commerce instruction.   The language "the firearm possessed traveled in interstate commerce or foreign commerce; that is before the defendant possessed the charged firearm, it had traveled at some time from one state to another," violates the Commerce Clause and effectively removes this element from the jury's consideration in violation of the Fifth and Sixth Amendments.   As the defendant has argued in his motion to dismiss, the mere fact that a firearm has traveled in interstate commerce is constitutionally and factually insufficient to support a federal prosecution of felon in possession of a firearm.   The defendant requests an instruction that correctly sets forth the element that the defendant's possession of the firearm must substantially affect interstate or foreign commerce.   The instruction as requested by the government violates the Commerce Clause and removes this element from the jury's consideration in violation

of the Fifth and Sixth Amendments to the United States Constitution.   This argument has been rejected by the Fifth Circuit, and the defendant is making this objection to preserve the issue for further review.   *See United States v. Alcantar*, 733 F.3d 143 (5th  Cir. 2013).

<u>Government's Argument and Authorities:</u>

As argued above, the government opposes Tanksley's requests to require knowledge for the second and third elements to the charge of felon in unlawful firearm possession, in violation of 18 U.S.C. § 922(g)(1).   Fifth Circuit case law is clear, section 922(g)(1) "requires proof that the defendant knew that he had received (or possessed or transported) a firearm"; it does not require proof that he knew that the firearm had an interstate nexus or that he knew of his prohibited status.   *Schmidt*, 487 F.3d at 252; *Dancy*, 861 F.2d at 77; *Butler*, 637 F.3d at 524 (recounting no court post 1986 "has held a defendant must know of his prohibited status").

The government also opposes Tanksley's request that the jury charge instruct that his firearm possession must substantially affect interstate or foreign commerce.   As Tanksley concedes, *Alcantar*, 733 F.3d at 143, forecloses his argument.   Thus, "to apply the law constitutionally" to Tanksley, the government is not required to "prove some economic activity beyond the interstate movement of the weapon."   *Collins*, 573 Fed. Appx. at 375; *see also Rawls*, 85 F.3d at 242 (rejecting argument that when Rawls was arrested for firearm possession, "no interstate activity was occurring" and holding the "'in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon **had previously traveled in interstate commerce**.") (emphasis added).

**Agreed Charge - Page 31**

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

## 1.18 ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date.   The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near August 24, 2014, the date stated in the indictment.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

1.31   POSSESSION[2]

Possession, as that term is used in this case, may be of two kinds: actual possession and/or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

---

[2] The portion discussing joint possession was removed.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

## 1.37 "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

### 1.41   COMMERCE—DEFINED

Commerce includes travel, trade, transportation, and communication.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

### 1.39   INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

## 1.40   FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

### 1.24 DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.   Remember at all times, you are judges—judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.   A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.   If you need to

communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.   Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**Agreed Charge - Page 39**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
———————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal Action No. 4:15-CR-00038-O |
| | § |
| DANTANA TANKSLEY (01) | § |

## <u>VERDICT OF THE JURY</u>

### <u>COUNT ONE</u>

We, the Jury, find the defendant, Dantana Tanksley, _____ as to Count One of the Indictment.


_____
Foreperson

**Agreed Charge - Page 40**