UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | 4-15-CR- 038-O |
| DANTANA TANKSLEY (1) | § § § § | |

## FOURTH UNOPPOSED MOTION TO CONTINUE JURY TRIAL

Defendant Dantana Tanksley, through undersigned counsel, respectfully asks this Court to continue the trial date of this case. In support, defendant would show the following:

I.

Defendant is charged in one count of the indictment with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count one alleges the punishment provisions of 18 U.S.C. §922(e)(1). The indictment also includes a forfeiture count for the firearm. The Federal Public Defender was appointed to represent the defendant on March 2, 2015. The defendant's case was originally set for trial on April 10, 2015. The defense was granted a continuance of the trial to May 18, 2015, for the purpose of locating a gunshot residue expert. The defense was granted a second and third continuance in part for the reason that a case is pending before the Supreme Court that may significantly affect the statutory sentencing range the defendant is facing, and therefore significantly affects the ability of the defendant to decide to plead guilty or not guilty. The casse is currently set for trial June 29, 2015. The discussion of *Johnson v. United States*, Docket No. 13-7120 is set forth more fully in paragraph II below. However, in sum, the defense is requesting a fourth continuance

of this case for the reason that, while there is no way to predict for certain how the Supreme Court will rule on *Johnson*, almost all of the Supreme Court scholars whom I have spoken to are confident that the residual clause is not going to survive *Johnson*. At a training seminar during the last week in May, I was advised that *Johnson* will probably not likely be decided until the very end of June. As of today, June 19, the *Johnson* case has not been decided. The defendant has specifically asked me to request another 30 day continuance so that he can have the benefit of a decision in *Johnson* in deciding whether to plead guilty or go t trial. Accordingly, I am asking the Court to consider another 30 day continuance. The defense realizes this is an unusual request, but the circumstances of this situation are extremely unusual. The outcome of *Johnson* could and likely will change the potential range of punishment from a mandatory minimum 15 years to Life, to a zero to ten year range. It is extremely difficult to ask and expect a man to decide between pleading guilty or having a jury trial when the consequences could be so vastly different given the outcome of a pending Supreme Court case.

II.

For the purposes of providing background on the *Johnson* case, and as previously discussed, on April 20, 2015, the Supreme Court heard additional argument in the case of *Johnson v. United States*, Docket No. 13-7120. In *Johnson* the Supreme Court is addressing whether the residual clause of the Armed Career Criminal Act (ACCA) 18 U.S.C. §924(e)(2)(B)(ii) is unconstitutionally void for vagueness. Although there is no way to know for certain whether the residual clause will survive this latest challenge, it appears that the Supreme Court may very well strike down that clause. A decision on this case will likely be reached in June of this year. A decision in this matter greatly affects the defendant's case because at least one of his potential ACCA prior convictions qualifies

2

only under the residual clause. Accordingly, depending on the Supreme Court's decision in *Johnson*, the defendant may not qualify for an enhancement under the ACCA. As this Court knows well, this is a huge factor for a defendant to consider in determining whether to plead guilty or go to trial. Under the defendant's circumstance, he cannot possibly make a knowing and intelligent decision regarding going to trial, or pleading guilty. Specifically, under these circumstances, the defendant cannot know with any certainty what risks he is taking by making any of these decisions. The defendant is requesting a continuance until approximately 30 days in order to have the benefit of the decision in *Johnson* before making a final decision on these matters.

IV.

Assistant United States Attorney Frank Gatto is not opposed to this motion to continue. Mr. Gatto will be on military duty July 10 through and including July 13, 2015; and August 2 through and including August 15, 2015. Undersigned counsel has no conflicts in the next 90 days, except that he is scheduled to be a presenter in CLE training in Dallas on July 30 and July 31, 2015.

Wherefore, the defendant respectfully prays this Court to continue the trial of this case and the other trial deadlines for approximately 30 days or to a time convenient to the Court.

        Respectfully submitted,
        JASON HAWKINS
        Federal Public Defender
        Northern District of Texas

        BY:  /s/ Christopher A. Curtis
        Christopher A. Curtis
        Asst. Federal Public Defender
        819  Taylor Street, Room 9A10
        Fort Worth, TX  76102-4612
        (817) 978-2753
        Texas State Bar No. 05270900

## **CERTIFICATE OF CONFERENCE**

On June 18, 2015, I conferred with the attorney for the government, Frank Gatto, concerning his position on this motion, and he was not opposed to this motion. Mr. Gatto will be on military duty July 10 through and including July 13, 2015 and August 2 through and including August 15. Undersigned counsel has no conflicts in the next 90 days, except that he is scheduled to be a presenter in CLE training in Dallas on July 30 and July 31, 2015.

        /s/ Christopher A. Curtis
        Christopher A. Curtis

## **CERTIFICATE OF SERVICE**

I, Christopher A. Curtis, hereby certify that on June 19, 2015, I electronically filed the foregoing motion with the clerk for the U.S. District Court, Northern District of Texas, using the electronic filing system for the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Frank Gatto.

        /s/ Christopher A. Curtis
        Christopher A. Curtis