IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:15-CR-038-O |
| DANTANA TANKSLEY (01) | |

GOVERNMENT'S NOTICE REGARDING
ACCEPTANCE OF RESPONSIBILITY

As explained below, if the Court determines that Dantana Tanksley (Tanksley) should receive the two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and his offense level is 16 or greater, the government moves for Tanksley to receive the additional third-level reduction under section 3E1.1(b).

Normally, the government will ask the Court to grant a third-level reduction for acceptance of responsibility when a defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S.S.G. § 3E1.1(b).   Here, as the Court is aware, the government did not avoid preparing for trial as it prepared and filed the proposed jury charge, it prepared and filed its witness and exhibits lists, it prepared and exchanged its exhibits with defense, and it prepared many of its witnesses for trial.

However, under the unique circumstances of this case, the government nevertheless moves the Court for the third-level reduction because Tanksley immediately

**Government's Notice Regarding Acceptance of Responsibility - Page 1**

pled guilty once he received certainty as to the potential punishment he faced. As the Court should be aware from Tanksley's numerous continuance motions, until Friday, June 26, 2015, Tanksley was uncertain as to whether he faced a 15-to-Life sentence or a maximum of 10 years in prison should he plead guilty. This uncertainty came from whether the Supreme Court would strike down as unconstitutionally vague a provision of the Armed Career Criminal Act that, applied to Tanksley, meant he qualified as an armed career criminal. As soon as the Supreme Court resolved that question, providing Tanksley with certainty that he was now facing a maximum penalty of ten years in prison, Tanksley wasted no time in pleading guilty. His decision did save the government from having to call its witnesses, and it did save the Court from having to call in a jury.

Thus, due to these peculiar circumstances, this prosecutor, in his discretion[1] has decided to move the Court for the third-level reduction under section 3E1.1(b), should the Court, in its discretion, decide to award Tanksley with the two-level reduction under section 3E1.1(a).

---

[1] I believe reasonable minds can disagree as to whether Tanksley should receive the third-level reduction. Thus, my decision here should not be regarded as requiring all prosecutors in my office to agree and to do the same.

**Government's Notice Regarding Acceptance of Responsibility - Page 2**

        Respectfully submitted,

        JOHN R. PARKER
        ACTING UNITED STATES OF ATTORNEY

        s/Frank L. Gatto
        FRANK L. GATTO
        Assistant United States Attorney
        State Bar of Texas No. 24062396
        Burnett Plaza, Suite 1700
        801 Cherry Street, Unit 4
        Fort Worth, Texas   76102-6882
        Telephone:   817-252-5200
        Facsimile: 817-252-5455

## CERTIFICATE OF SERVICE

  I hereby certify that on June 29, 2015, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to the following parties who have consented in writing to accept this Notice as service of this document by electronic means: U.S. Probation Office and Christopher Curtis, counsel for defendant.

        s/Frank L. Gatto
        FRANK L. GATTO
        Assistant United States Attorney