IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:15-CR-038-O |
| | § | |
| DANTANA TANKSLEY | § | |

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND VARIANCE

COMES NOW, DANTANA TANKSLEY, defendant, by and through his attorney of record, Taylor Wills Brown, and hereby submits the following Motion for Downward Departure and Variance.

For two reasons, Mr. Tanksley requests a sentence below the advisory range set out in the presentence report. First, Mr. Tanksley requests a downward departure. A departure is appropriate because Mr. Tanksley's criminal history category substantially overrepresents his criminal history.[1] Second, Mr. Tanksley requests a downward variance. A variance is appropriate because Mr. Tanksley's "history and characteristics" demonstrate positive growth in recent years.[2]

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3(b)(1) (U.S. SENTENCING COMM'N 2014).

[2] *See* 18 U.S.C. § 3553(a)(1).

1

A downward departure is appropriate because Mr. Tanksley's criminal history category substantially overrepresents his criminal history.[3]  The commentary to the Guidelines suggests three factors relevant to this analysis.  The first is timing.  For example, a downward departure may be warranted where the defendant's criminal history score includes a series of older convictions, each of which almost fall outside the prescribed time limits.[4]  The second factor is the

---

[3] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3(b)(1); *see also* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 cmt. background ("This policy statement recognizes that the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur.").

[4] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 cmt. n.3 ("A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions *close to ten years prior to the instant offense* and no other evidence of prior criminal behavior in the intervening period."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(2) (noting ten-year time limit applicable to misdemeanor convictions).

seriousness of those prior convictions.[5]  The third factor is the existence of

intervening criminal activity linking the older conviction to the instant offense.[6]

Mr. Tanksley's criminal history score is inflated because it includes three

points for a 1996 theft offense.[7]  To begin, the timing of this conviction supports a

downward departure.  Mr. Tanksley's instant offense took place on August 24,

---

[5] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 cmt. n.3 ("A downward departure from

the defendant's criminal history category may be warranted if, for example, the defendant had

two *minor* misdemeanor convictions close to ten years prior to the instant offense and no other

evidence of prior criminal behavior in the intervening period."); *see also United States v.*

*Madison*, 990 F.2d 178, 184 (5th Cir. 1993) ("Madison was clearly an inappropriate candidate

for application of § 4A1.3.  The many criminal offenses with which she was charged and of

which she was convicted were all of a serious nature.").

[6] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 cmt. n.3 ("A downward departure from

the defendant's criminal history category may be warranted if, for example, the defendant had

two minor misdemeanor convictions close to ten years prior to the instant offense and *no other*

*evidence of prior criminal behavior in the intervening period.*"); *see also Madison*, 990 F.2d at

184 ("Madison had exhibited a pattern of criminal activity leading right up to the instant

offense.").

[7] *See* Presentence Investigation Report at 8 (¶ 38), *United States v. Dantana Tanksley*, No. 4:15-

CR-038-O (N.D. Tex. Aug. 19, 2015), ECF No. 63; *see also* U.S. SENTENCING GUIDELINES

MANUAL § 4A1.3(c)(2).

2014.[8]  Accordingly, his criminal history score includes any prior sentences of imprisonment exceeding one year and one month that were imposed after August 14, 1999.[9]  The acts underlying the relevant theft took place in July 1996, and Mr. Tanksley pleaded guilty to the offense—a state-jail felony—in October 1998.[10] While the court initially deferred adjudication, Mr. Tanksley's probation was later revoked, and on December 11, 2000, Mr. Tanksley received a two-year sentence of imprisonment.[11]  Because this sentence was imposed "close to [fifteen] years prior to the instant offense," its timing supports Mr. Tanksley's request for a downward departure.[12]

---

[8] Presentence Investigation Report, *supra* note 7, at 4 (¶¶ 10-13).

[9] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(1).

[10] Presentence Investigation Report, *supra* note 7, at 8 (¶ 38); *see* TEXAS PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp. 1996) ("[A]n offense under this section is . . . a state jail felony if . . . the value of the property stolen is $1,500 or more but less than $20,000."); *see also* TEXAS PENAL CODE ANN. § 12.35(a) (Vernon 1994) ("[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.").

[11] Presentence Investigation Report, *supra* note 7, at 8 (¶ 38).

[12] *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 cmt. n.3.

The remaining two factors also support Mr. Tanksley's request.  With regard to seriousness, Mr. Tanksley's theft qualified as a state-jail felony,[13] but a state-jail felony is the least serious felony classification employed by Texas.[14]  Furthermore, while there are intervening convictions between the 1996 theft and the instant offense,[15] the majority of those crimes were committed before Mr. Tanksley reached his twenty-second birthday[16] and half occurred within a seven-month period beginning in February 2000.[17]  Given their proximity to one another, and their distance from the instant offense, these intervening crimes do little to link the 1996 theft to the current case.

The Court should use a criminal history category of IV at sentencing. Including the 1996 theft, Mr. Tanksley has 12 criminal history points, which places

---

[13] *See* TEXAS PENAL CODE ANN. § 31.03(e)(4)(A).

[14] TEXAS PENAL CODE ANN. § 12.04(a).

[15] *See* Presentence Investigation Report, *supra* note 7, at 8-12 (¶¶ 39-44).

[16] *See* Presentence Investigation Report, *supra* note 7, at 8-11 (¶¶ 39-42).

[17] *See* Presentence Investigation Report, *supra* note 7, at 9-11 (¶¶ 40-42); *see also United States v. Smith*, 909 F.2d 1164, 1169 (8th Cir. 1990) ("Both of these crimes occurred within about a two-month period in 1983.  The appellant had just turned nineteen years old.  While age is not 'ordinarily relevant,' U.S.S.G. § 5H1.1, it gathers meaning when assessing the circumstances of a criminal's career.").

him in Category V.[18]  If that theft is removed, Mr. Tanksley would have only 9

points, placing him in category IV.  The latter category more appropriately reflects

Mr. Tanksley's criminal history.

Mr. Tanksley also requests a downward variance.  A review of Mr.

Tanksley's "history and characteristics" demonstrates positive growth in recent

years.[19]  In order to reach an appropriate sentence, "the calculated guideline range

must be considered in conjunction with the other § 3553(a) factors."[20]  The first

factor listed in § 3553(a) "is a broad command to consider"[21] Mr. Tanksley's

"history and characteristics."[22]  This history necessarily includes Mr. Tanksley's

criminal record, along with the timing of his previous offenses.[23]

---

[18] Presentence Investigation Report, *supra* note 7, at 12 (¶ 45).

[19] *See* 18 U.S.C. § 3553(a)(1).

[20] *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006) (citing *Booker v. United States*, 543 U.S. 220, 245-46 (2005)).

[21] *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

[22] 18 U.S.C. § 3553(a)(1).

[23] *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) (citing 18 U.S.C. § 3553(a)(1)) ("[T]he court relied on Smith not only having the status of a parolee but also having been released from prison 'less than a month' beforehand—a temporal distinction of some significance to the court—which relates to the history and characteristics of Smith."); *see also United States v. Garcia-Cervantes*, 425 F. App'x 877, 880 (11th Cir. 2011) (citing 18 U.S.C. §

A review of Mr. Tanksley's criminal record demonstrates positive growth in recent years.  Most of Mr. Tanksley's adult convictions were the result of actions that took place before his twenty-second birthday.[24]  In contrast, Mr. Tanksley has only two criminal convictions during the past decade.[25]  Mr. Tanksley's "history and characteristics" thus suggest improvement,[26] and a downward variance may be appropriate on this basis.

---

3553(a)(1)) ("It took into account a number of factors unique to Garcia–Cervantes, such as his immediate re-entry after his initial deportation and the close temporal proximity of his offenses. Although these crimes were part of the Guidelines calculation, the district court appropriately considered them as part of the history and characteristics of the defendant.").

[24] *See* Presentence Investigation Report, *supra* note 7, at 8-11 (¶¶ 38-42).

[25] *See* Presentence Investigation Report, *supra* note 7, at 11-12 (¶¶ 43-44).

[26] *See* 18 U.S.C. § 3553(a)(1); *cf. Smith*, 440 F.3d at 709 (analyzing defendant's "history and characteristics" with reference to timing of previous bad acts).

WHEREFORE, Defendant respectfully submits the foregoing Motion for Downward Departure and Variance.  Defendant requests the Court to grant the Motion and such other relief as may be warranted.

Respectfully submitted,

/s/ Taylor Wills Brown
**TAYLOR WILLS BROWN**
Assistant Federal Public Defender
PO Box 17743
819 Taylor Street, Room 9A10
Fort Worth, TX 76102
(817) 978-2753 (Tel.)
(817) 978-2757 (Fax.)
Taylor_W_Brown@fd.org
Texas Bar No. 24087225

## CERTIFICATE OF SERVICE

I, Taylor Wills Brown, hereby certify that on September 15, 2015, I electronically filed the "Defendant's Motion for Downward Departure and Variance" with the Clerk for the United States District Court, Northern District of Texas, using the Court's electronic filing system.  This system sent a "Notice of Electronic Filing" to Frank L. Gatto, Assistant United States Attorney, and Lorna Scaife, United States Probation Officer.

/s/ Taylor Wills Brown
**TAYLOR WILLS BROWN**

## CERTIFICATE OF CONFERENCE

I, Taylor Wills Brown, hereby certify that on September 15, 2015, I conferred with Frank L. Gatto, Assistant United States Attorney.  He is opposed to this motion.

/s/ Taylor Wills Brown
**TAYLOR WILLS BROWN**