IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    No.  4:15-CR-038-O

DANTANA TANKSLEY              (01)

## RESPONSE TO DOWNWARD DEPARTURE AND VARIANCE MOTION

The government opposes Tanksley's request for a departure downward and a sentence below the guideline range.

First, Tanksley asks for a departure downward, contending his "criminal history category substantially overrepresents his criminal history" because his "criminal history score includes a series of older convictions, each of which almost fall outside the prescribed time limits." (Def.'s Mot. at 1–2.)  Tanksley particularly objects to the three points he received for a two-year sentence following a theft conviction.  (*Id.* at 3–5.)  He contends this "inflated" his criminal history because, according to Tanksley, this was a minor felony offense.  (*Id.*)  Thus, Tanksley argues the "court should use a criminal history category of IV at sentencing."  (*Id.* at 5.)

The PSR reflects that in 1998, Tanksley pled guilty to stealing a car and received three years of deferred-adjudication probation.  (PSR ¶ 38.)  In 2000, Tanksley's probation was revoked because he failed to report to his community-supervision officer; he was adjudicated guilty of the offense and sentenced to two years in prison.  (*Id.*)  Had

**Response to Departure Motion – Page 1**

Tanksley abided by his probation terms, this offense would not have counted toward his criminal history.

Moreover, Tanksley's criminal history goes back to when he was 16 and 17 years old and includes numerous violent acts.  (PSR ¶¶ 37–39, 42, 46–47, 50.)  And as Tanksley admits, "there are intervening convictions between [his] 1996 theft and [his] instant offense."  (Def.'s Mot. at 5.)  Indeed, there are three intervening convictions that did not receive any criminal-history points, including one involving an assault and another involving his resisting arrest.  (PSR ¶¶ 40–42.)  Finally, Tanksley's criminal history also reflects an aggravated robbery in which he was never prosecuted, but the information in the PSR shows he committed.  (PSR ¶ 50.)  Taken together, his continuous criminal conduct and the violent nature of many of his criminal offenses, the government believes a category V criminal history does not substantially overstate Tanksley's criminal history.

Second, Tanksley asks for a sentence below the guideline range because he believes his criminal record illustrates his "positive growth in recent years."  (Def.'s Mot. at 7.)  The government disagrees.  The government believes Tanksley's criminal history shows repeated attempts to provide Tanksley with an opportunity to become a productive member of society, but instead Tanksley would squander that opportunity and commit further crimes.  Despite Tanksley being a father (PSR ¶ 74), and having stable employment (PSR ¶¶ 79, 92), he still engaged in the instant offense conduct.  Thus, the

**Response to Departure Motion – Page 2**

government respectfully asks the Court not to impose a sentence below the guideline

range.

Respectfully submitted,
JOHN R. PARKER
UNITED STATES ATTORNEY


*/s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas Bar No. 24062396
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5213
Facsimile: 817-252-5455
E-mail: Frank.Gatto@usdoj.gov


## CERTIFICATE OF SERVICE

I certify that on September 21, 2015, I electronically filed this response with the clerk of court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the U.S. Probation Officer and to the following attorney of record who, presumably, has consented in writing to accepting notice of service by electronic means: Taylor Wills Brown.

*/s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney